WILLIAM R. SEWARD AND OTHERS, RESPONDENTS, v. HENRY F. HUNTINGTON, APPELLANT, IMPLEADED, ETC.

*Agreement between joint indorsers to secure equality of payment — when it protects the holders of the notes indorsed — a holder is not deprived of the benefit of it, because his note is indorsed by an additional person.*

Jones, Lord and Spencer, each executed to the plaintiff as trustee, a real estate mortgage for $25,000 to secure the performance of an agreement entered into between them, in accordance with the terms and conditions therein expressed. After reciting that they had jointly indorsed several promissory notes of a manufacturing company, which were then outstanding, to an amount exceeding $50,000; that it might be necessary for them to continue to indorse like notes, to an amount not exceeding $60,000, at any one time; that each of them was interested in the company and the payment of the said notes, the agreement provided that the parties agreed, each with the others, that they would severally pay one-third of the amount of said notes which should fall due and which the company should fail to pay, and that if either of said parties should fail to pay his proportion of the notes, and if either should pay more than his proportion thereof, he should recover from the one so failing, an amount equal to his aliquot part including a just proportion of all costs. The agreement also provided that in case any party should fail to pay his aliquot part, and the same should have been paid by either of the other parties, the trustee should, on the request of the party so having paid, foreclose the mortgage and repay him the amount so paid.

*Held*, that the agreement and mortgage were intended not only to secure equality of payment among the contracting parties, but also to secure the payment of the notes referred to, and that the holders of such notes were entitled to join with the trustee in enforcing the mortgage, though no request therefor had been made by any of the contracting parties.

That the mortgage of each was a security in the hands of the trustee held for the benefit of the other two indorsers who, as to one-third of the debt, were in the position of sureties, and that the holder of the debt was entitled to take advantage of and enforce the securities given to secure the sureties.

*Held*, further, that the fact that a note was indorsed by a fourth person in addition to the three contracting parties, did not take it out of the terms and scope of the agreement.

APPEAL from a judgment, entered on a trial of this action at the Monroe Special Term.

*Theodore Bacon,* for the appellant.

*J. B. Perkins,* for the respondents.

SMITH; P. J.:

The mortgage, to foreclose which this action is prosecuted, was executed by Jones (to whose interest in the mortgaged premises the appellant Huntington, claims to have succeeded), in pursuance of an agreement of even date with the mortgage made by Jones, Lord and Spencer. By that agreement each of the contracting parties agreed with the others, among other things, to execute to the plaintiff Seward, in trust, a real estate mortgage in the sum of $25,000, as a security for the performance of the said agreement on the part of said mortgagor. Further by the terms of the agreement, after reciting that they had jointly indorsed several promissory notes of the Rochester Iron Manufacturing Company, which were then outstanding to an amount exceeding $50,000, and that it might be necessary for said parties to continue to indorse like notes, to an amount not exceeding $60,000 at any one time, and that each of said parties was interested in the said company and in the payment of the said notes so indorsed, and to be indorsed by them jointly, the said parties agreed, each with the others, that they would severally pay one-third of the amount of said notes which should fall due and the said company should fail to pay, and that if either of said parties should fail to pay his proportion of said notes, and either of said parties should pay more than his part thereof, he should recover from the one so failing, an amount equal to his part, including a just proportion of all costs. In the mortgage it was stated that such mortgage was intended as a security for the payment of the sum of $25,000, according to the terms and conditions expressed in the said agreement. This suit is brought by the said trustee and the holders of certain notes to the amount of $51,835.52, which they claim are within the provisions of the said agreement, to enforce the said mortgage as a security for the payment of one-third of the sum last mentioned, and the judgment appealed from grants that relief.

The judgment proceeds upon the idea that the object of the agreement and the trust was to secure by the mortgages of the respective parties, first, the payment of the notes of the company described in the agreement, not exceeding the amount therein specified, and secondly, to secure equality of payment among the several contracting parties.

The appellant contends that equality of payment among themselves is the only object which the contracting parties had in view. That contention rests largely upon a clause in the agreement which provides that in case any one of the parties shall fail to pay his aliquot part, and which either of the parties shall have paid in whole or in part, the trustee shall, on the request of the party so having paid, foreclose the mortgage made by the party who has failed to pay and collect an amount sufficient to pay his aliquot part and reimburse the party who shall have so paid. And the argument deduced therefrom is, that as neither of the parties has paid anything or requested the trustee to foreclose, the mortgagor is not in default and this action cannot be maintained.

But the clause referred to is not exclusive. The agreement does not provide in any part of it, expressly or by reasonable implication, that the trustee shall have no power to foreclose in any other case than the one indicated in the clause referred to. On the contrary, the mortgage itself, after declaring that it is intended as a security for the payment of the sum of $25,000, according to the terms and conditions of the said agreement and declaration of trust, gives a power of sale to the trustee in case default be made in the payment of the principal or interest thereby intended to be secured, or any part thereof. The general reference thus made to the "terms and conditions" of the agreement takes in the stipulation of each party to pay one-third of the debt, as well as the stipulations intended to produce equality of payment. Indeed, the latter stipulations could not become operative until some one of the parties had paid more than his aliquot share. In short the agreement, as we construe it, created a trust for the benefit of the holders of the notes described, as well as for the benefit of each of the contracting parties, as against the others.

The consideration for the agreement thus construed is obvious. Before the agreement, each party by his indorsement, was liable for the whole debt. True, if either should pay the whole he might enforce contribution against the others. But by the agreement, each obtained something more than the right to compel contribution, to wit, a specific lien on the real estate of the others, conditioned absolutely for the payment of their respective shares. Thus, as between themselves, each party became the principal debtor and

the others his sureties as to one-third of the debt. The mortgage of each is a security in the hands of the trustee for the benefit of the sureties of the mortgagor, and upon the principle that the creditor may enfore the securities held by the surety, the holder of the notes may compel the application of the security to the purpose for which it was put into the hands of the trustee. And as the power of sale is in the trustee, he is properly joined with the creditors in the action. This action does not concern the trust created by the agreement of the contracting parties as between themselves, and for that reason the clause requiring payment and request by one of the indorsers, as a condition precedent to the right of action, does not apply.

The objection that the notes held by the plaintiffs were indorsed by a fourth person in addition to the three contracting parties, and, therefore, are not within the terms of the agreement, we think is not well taken. Doubtless the contract is to be strictly construed, and is not to be extended beyond its terms. On the other hand it is not to be construed in such a way as to render it of no effect, if such a construction can be avoided. So far as the evidence shows, all the notes of the iron company, whether outstanding when the agreement was made or executed thereafter, were indorsed by the four. They were, therefore, the only notes that could have been had in view and to which the agreement could relate, and it must be assumed that they are the very notes for which the parties intended to provide. Upon any other construction the agreement was wholly inoperative, even in respect to the stipulations made to secure equality of payment. If it be suggested that the parties may have contemplated that in the future the indorsements should be made by three alone, and to such only should the agreement relate, the answer is that the agreement relates as well to past indorsements outstanding as to future indorsements, and it clearly implies that the parties were to continue to indorse as they had already done. What consideration induced the parties to the agreement to assume the payment of the share of the fourth indorser, or whether they relied solely on their right of contribution against him, does not appear and we need not inquire.

The case was disposed of in accordance with these views by the learned judge at Special Term, and we have not attempted to do

anything more than to add a few suggestions to what is so well said in his opinion.

The position taken by the appellant's counsel on the argument of the appeal, that there is nothing in the case to show that there may not be other notes outstanding as much entitled as those provided for in the judgment to resort to the mortgage securities presents no difficulty. The existence of the fact suggested is not to be presumed without proof, and the burden of proof in respect to it is on the party asserting it. There was no offer to prove such fact at the trial, and there was no suggestion that there are other parties whose presence before the court is necessary to a complete determination of the action. In that state of things the presumption is that the only notes entitled to share in the avails of the mortgages are those proved at the trial.

As we are prepared to affirm the judgment on the grounds above expressed it is unnecessary to consider the point urged by the respondents' counsel that the appellant Huntington has no interest in the matter which entitles him to maintain an appeal.

The judgment should be affirmed, with costs.

HARDIN and DWIGHT, JJ., concurred.

Judgment affirmed, with costs.